### HENRY CZARNOWSKI *v.* JULIUS CZARNOWSKI.

Novation will not be presumed. The intention to make a novation must clearly result from the terms of the agreement. C. C. 2186.

APPEAL from the Parish Court of New Orleans, *Maurian,* J.

MARTIN, J. The plaintiff is appellant from a judgment dissolving partially the injunction which he had obtained against an order of seizure and sale sued out by the defendant, who was the holder of a twelve-months' bond of the plaintiff's. The claim was resisted on the ground that the bond was paid, the plaintiff having given therefor two notes, one for $220, and the other for $462, the first of which was actually paid to the defendant. The plaintiff contended that the notes had been received in absolute discharge of his bond; in other words, that

the debt, of which it was the evidence, was novated by that which resulted from the notes. It does not appear to us that the judge erred, in dissolving the injunction for the balance of the sum for which the order of seizure and sale had been obtained, after deducting the amount actually received by the defendant from the maker of the first note, as the plaintiff failed in his attempt to show that the defendant had consented to novate the debt, novation not being presumed, but being required by law clearly to result from the terms of the agreement. C. C. 2186.

We, nevertheless, think that the interest of the plaintiff ought to have been protected, by the defendant being required to return, or deposit with the clerk of the court for the plaintiff, the note of $462 in his hands.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs ; but that the appellee shall not be allowed to take out an execution until he shall have either delivered the note aforesaid to the plaintiff, or deposited it for his benefit with the clerk of the court below.

*Jennings,* for the appellant.

*Delavigne,* for the defendant.